UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS PHILLIPS,

    Plaintiff,

Case No. 17-cv-11723
Hon. Matthew F. Leitman

v.

FAMILY DOLLAR STORES
OF MICHIGAN, INC.,

    Defendants.

_____/

**ORDER GRANTING MOTION TO COMPEL PLAINTIFF TO SUBMIT
TO INDEPENDENT MEDICAL EXAMINATION (ECF #19)**

    This is a personal injury action. On September 29, 2017, this Court entered a scheduling order. (ECF #11.) That order set a fact discovery cutoff of February 15, 2018, and an expert discovery cutoff of May 14, 2018. (*See id.*) On April 12, 2018, Defendant sent Plaintiff notice of its intent to conduct an independent medical examination ("IME") of Plaintiff. Plaintiff refused to attend the IME on the ground that it constituted fact discovery and that Defendant requested it after the close of fact discovery. Defendant has now moved to compel Plaintiff's attend at the IME.

    Neither party has directed to the Court to any authority directly addressing whether an IME should be treated as fact discovery or as expert discovery. The Court has conducted its own brief research into this issue. "The law in this area does not appear to be well settled." *Lopez v. City of Imperial*, 2014 WL 232271, at *2

1

(S.D. Cal. Jan. 21, 2014).  At least one federal court has concluded that "[i]f the IME examiner will offer opinions and conclusions regarding the objective facts derived from an examination, the IME and the report produced by the IME examiner is expert discovery, not fact discovery." *Id*.

The Court need not (and does not) make a definitive ruling as to whether an IME is fact or expert discovery.  Instead, the Court concludes that "given the lack of clarity as to whether IMEs are relegated to fact discovery or cross over into expert discovery, the Court will give the benefit of the doubt to Defendant[]" and will permit Defendant to conduct the IME even though it was requested after the close of fact discovery. *Id*.

Accordingly, **IT IS HEREBY ORDERED** that (1) by not later than June 30, 2018, Plaintiff shall attend an IME (at a mutually convenient time for her and for the examining physician); (2) by not later than July 14, 2018, Defendant shall serve upon Plaintiff any report prepared by the physician conducting the IME; (3) by not later than July 30, 2018, the physician conducting the IME shall submit to a deposition by Plaintiff if Plaintiff chooses to conduct such a deposition.

**IT IS FURTHER ORDERED** that Defendant's request that Plaintiff be compelled to pay a no-show fee in connection with her non-attendance at the IME noticed by Defendant is DENIED.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764