UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS PHILLIPS,

    Plaintiff,

v.

FAMILY DOLLAR STORES
OF MICHIGAN, INC.,

    Defendant.

Case No. 17-cv-11723
Hon. Matthew F. Leitman

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #20)

During a visit to a store owned and operated by Defendant Family Dollar Stores of Michigan, Inc., Plaintiff Phyllis Phillips tripped, fell, and injured her hand. Phillips alleges that she tripped over a partially obscured stocking crate on her way to the checkout aisle. In this action, she asserts a premises liability claim against Family Dollar. Family Dollar has now moved for summary judgment. For the reasons explained below, the Court **GRANTS** Family Dollar's motion.

**I**

**A**

On the morning of March 23, 2014, Phillips rode her bike to the Family Dollar store in Flint, Michigan. (*See* Phillips Dep. at 26, 29, 32, ECF #20-2 at Pg. ID 265-66.) She went to the store to buy tissues, dishwashing liquid, and other items. (*See*

1

*id.* at 33-34, ECF #20-2 at Pg. ID 266-67.)  Once she had picked out her items, she began to "walk[] towards the aisle to check out." (*Id.* at 36, ECF #20-2 at Pg. ID 267.)

On her way to check out, she decided that she "need[ed] a Powerade." (*Id.*) She "turned around to get a Powerade" from "the cooler" that was situated near the checkout aisle. (*Id.*)  She picked her Powerade, "turned back around," and then "walked a couple steps" in the checkout aisle. (*Id.*; *see also id*. at 45, ECF #20-2 at Pg. ID 269.)  The "next thing, you know, pow, bam, [she] fell." (*Id.* at 36, ECF #20-2 at Pg. ID 267.)  Her left hand hit the floor first, and she felt pain in that hand and in her legs. (*See id*. at 37, 46, ECF #20-12 at Pg. ID 267, 270.)  After the fall, she stayed on the ground for a couple of minutes. (*See id*.)  While on the ground, Phillips saw something sticking out from under the cash register area into the aisle of the checkout lane, and she determined that she must have tripped over it. (*See id.* at 37-39, ECF #20-2 at Pg. ID 267-68.)

Phillips is not certain what she tripped over.  She says that it "looked like" a "little stocking crate" that "you may have … to stock your shelves with." (*Id.* at 38, ECF #20-2 at Pg. ID 267.)  But she does not know its size or color. (*See id*. at 38, ECF #20-2 at Pg. ID 267.)  And she does not know who placed it in her path or how long it had been there. (*See id*. at 42, ECF #20-2 at Pg. ID 269.)  All she recalls is that there were "some items" in it. (*See id*. at 38, ECF #20-2 at Pg. ID 267.)

2

Phillips eventually stood up and purchased her items. (*See id.* at 51, ECF #20-2 at Pg. ID 271.) She then exited the store and pushed her bike back home because she did not feel that she could ride it. (*See id.* at 53, ECF #20-2 at Pg. ID 271.)

Later that same evening, Phillips called a manager at the store, Cindy, to report her fall. (*See id.* at 42, 60, ECF #20-2 at Pg. ID 269, 273.) Cindy told Phillips that she did not have to worry about the apparent crate anymore because Family Dollar staff had moved it. (*Id.*)

## B

Phillips filed this action in the Genesee County Circuit Court on March 4, 2017. (*See* Compl., attached to Notice of Removal, ECF #1 at Pg. ID 4-9.) In Phillips' Complaint, she alleges that Family Dollar breached the duties it owed to her as an invitee by "fail[ing] to adequately and properly train and/or otherwise supervise the agents and/or employees of the" store. (*Id.* at ¶ 9, ECF #1 at Pg. ID 6.) Phillips also asserts that, due to Family Dollar's negligence, she "slip[ped] and f[e]ll due to a stock crate protruding into the checkout aisle, located at ground levelttt, [sic] the existence of which was not discoverable upon casual inspection and/or … was effectively unavoidable." (*Id.* at ¶ 7, ECF #1 at Pg. ID 6.) Phillips alleges that as a result of Family Dollar's negligence she "sustain[ed] severe and serious personal injuries, including, but not limited to: a fractured finger." (*Id.* at ¶ 8, ECF #1 at Pg. ID 6.)

Family Dollar removed the action to this Court on May 31, 2017. (*See* Notice of Removal, ECF #1.) Family Dollar says that this Court has original subject matter jurisdiction over this action under 28 U.S.C. §1332 because (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000.00. (*See id.*)

Family Dollar has now moved for summary judgment. (*See* Mot. for Summ. J., ECF #20.) The Court held a hearing on the motion on October 4, 2018.

### III

Family Dollar seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The summary judgment standard is well-established. A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact . . . ." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252. Indeed, "[c]redibility

determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.

**III**

"The Michigan Supreme Court has long followed the same test regarding duties owed by storekeepers to their customers." *Guthre v. Lowe's Home Centers, Inc.*, 204 F. App'x 524, 526 (6th Cir. 2006).[1] Under that test:

> It is the duty of a storekeeper to provide reasonably safe aisles for the customers. The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, and he is liable when the unsafe condition otherwise caused is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it.

*Carpenter v. Herpolsheimer's Co.,* 271 N.W. 575, 575 (Mich. 1937). *See also Clark v. Kmart Corp.*, 634 N.W.2d 347, 348-49 (Mich. 2001).

Here, Phillips contends that Family Dollar is liable for her injuries because active negligence by a Family Dollar employee created the unsafe condition that she encountered. More specifically, she argues that a Family Dollar employee placed the alleged stocking crate in her path through the checkout aisle.[2]

---

[1] In a diversity action like this one, the Court must apply Michigan law as determined by the Michigan Supreme Court. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78, (1938).
[2] During the hearing on this motion, counsel for Phillips confirmed that Phillips' sole theory of liability is that a Family Dollar employee placed the alleged stocking crate in Phillips' path. Counsel candidly acknowledged that this was the sole theory available to Phillips because she does not have evidence (1) as to how long the

5

But Phillips has no evidence to support that theory. Indeed, during her deposition, she conceded that she does not know who placed the alleged crate in her path. (*See* Phillips Dep. at 42, ECF #20-2 at Pg. ID 269.) Phillips now contends that certain circumstantial evidence supports a reasonable inference that a Family Dollar employee placed the alleged crate in her path. The Court disagrees.

First, Phillips contends that because she tripped over a *stocking* crate, a fact-finder could reasonably conclude that a Family Dollar employee had been using the crate for stocking purposes and had placed it in her path. The problem with this theory is that Phillips has not presented evidence that the alleged crate was, in fact, a stocking crate that would have been used by Family Dollar employees to stock shelves. The most that Phillips could say was that the thing she tripped over "looked like" a crate that "you might have ... [to] put your stuff in to stock your shelves with." (*Id*. at 38, ECF #20-2 at Pg. ID 268.) And she does not remember the size or color of what she tripped over. (*See id*.) All she recalls is that there were "some items" in it. (*See id*. at 38, ECF #20-2 at Pg. ID 268.) Notably, there is no evidence in the record before the Court that Phillips took any steps during discovery in this action

---

alleged crate had been protruding into the checkout aisle or (2) that the hazard created by the alleged crate was of such a character that Family Dollar should have known about the hazard even if it was not created by one of its employees.

to identify the item that she tripped over or to confirm that that item was, in fact, a stocking crate.[3]

Under these circumstances, it would be mere speculation to conclude that Phillips tripped over a stocking crate used by a Family Dollar employee – as opposed to, for instance, a hand cart that another shopper had used to collect items for purchase and had then discarded near the register after unloading his items at the cashier stand. Simply put, Phillips' evidence does not support a reasonable inference that she tripped over a stocking crate, and thus a fact-finder could not conclude that a Family Dollar employee placed the crate in her path before or after completing stocking work. *See Gonzalez v. Target Corp.*, 622 F. App'x 517, 518 (6th Cir. 2015) (explaining that while a plaintiff may use circumstantial evidence to establish a defendant's negligence under Michigan law, the inferences to be drawn from that evidence must be "reasonable" and must "constitute more than mere speculation or conjecture.")

Second, Phillips contends that a Family Dollar employee must have placed the alleged stocking crate in her path because when she called the store manager the day after her fall, the manager told her that the alleged crate "had been moved." (Pl.'s Resp. to Mot. For Summ. J. at 19, ECF #25 at Pg. ID 432.) But the fact that

---

[3] For instance, there is no indication that Phillips asked to inspect the stocking crates used by Family Dollar nor that Phillips asked any Family Dollar employees to describe the types of crates they use when stocking their shelves.

Family Dollar moved the alleged crate *after* Phillips' accident says nothing about whether a Family Dollar employee placed it there *before* the accident. It would be mere speculation to infer that because Family Dollar removed the alleged crate following Phillips' fall, it must have left the crate in her path prior to the fall. Thus, Phillips cannot avoid summary judgment based upon her theory that Family Dollar acknowledged having control over the alleged crate after she fell.

The facts of this case bear an uncanny resemblance to those in *Carpenter*, *supra*, a case in which the Michigan Supreme Court affirmed a directed verdict in favor of a storekeeper on a customer's negligence claim. 271 N.W. 575 (Mich. 1937). *Carpenter* is such a close fit that it is worth quoting at length:

> In the center of an aisle, eight or nine feet wide, defendant had put a table, thirty inches in width, for the display and sale of purses. Empty purse boxes were piled under the tables by clerks and periodically removed. They were piled two rows deep. The boxes were about six inches high, nine wide, and twelve long.
>
> Plaintiff claims that as she was walking beside the table in a crowd of people she stepped into a box in the middle of the aisle, which 'looked like a box that possibly they had large purses in,' she tried to kick it off her foot and fell. She said that as she sat on the floor she saw that the boxes under the table were piled up all right and were not protruding.
>
> The merchandise manager, who was close by when plaintiff fell, said the boxes were piled in a single row, double height, and one was slightly protruding from the table and looked as if it had been stepped on.

8

> \*\*\*
> The difficulty with plaintiff's case is that there was no evidence that the box which she claims was in the aisle and tripped her was a purse box; nor, if it was, that it had been piled negligently under the table; nor how it got into the aisle; nor that defendant had knowledge of its being there; nor that it was in the aisle long enough so defendant should have known of it. The court correctly directed the verdict for failure of proof of negligence.

*Carpenter,* 271 N.W. at 575–76.

Just as in *Carpenter*, Phillips did not know what she tripped over; was able to say only what that thing "looked like"; did not know how the tripping hazard got into the aisle; did not know whether the storekeeper had notice of the tripping hazard; and did not know how long the tripping hazard had been in the aisle. As *Carpenter* makes clear, a storekeeper – here, Family Dollar – is entitled to judgment as a matter of law on a negligence claim under these circumstances.

## VIII

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Family Dollar's motion for summary judgment (ECF #20) is **GRANTED** in its entirety.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2018, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager
        (810) 341-9764